**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orthoflex, Inc. d/b/a Integrated Orthopedics, Motion Medical Technologies, LLC; Wabash Medical Company, LLC,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Thermotek, Inc.,<br><br>　　　　　Defendant. | No. 12-MC-00013-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Rule 45 Motion to Quash Subpoena to Pacific Biomedical, Inc, or in the Alternative, to Transfer this Matter to the Northern District of Texas (Doc. 1). The Court now rules on the motion.

## I.  BACKGROUND

Plaintiffs and Defendant are engaged in litigation in the District Court for the Northern District of Texas. (Doc. 1 at 2-3). In that court, Plaintiffs filed a motion to compel Defendant to produce certain documents. (*Id.* at 3-4). Defendant asserted that the documents sought contained trade secrets in the form of confidential customer information, (*id.* at 4-5), and, on November 15, 2011, the District Court for the Northern District of Texas issued an order limiting the disclosure of that information. (Doc. 1-1 Ex. B, at 1). On January 17, 2012, a subpoena was issued through the District of Arizona to Pacific Biomedical Inc., a

1 corporation located in Arizona. (*Id.* Ex. A at 1). The subpoena requires Pacific Biomedical
2 "to produce and permit inspection and copying" of certain documents relevant to the Texas
3 litigation. The subpoena required the production to take place at "Rockey & Lyons, 180 N.
4 Stetson, Ste 3500, Chicago IL 60601 (or a place to be agreed upon by the parties)." (Doc. 1-1
5 Ex. A, at 1); (Doc. 1-1 Ex. A, Attach. A, at 1). Pacific Biomedical has not objected to the
6 subpoena, (Doc. 5 at 2), but Defendant argues that Plaintiffs' subpoena is an attempt to reach
7 the same confidential documents to which access was previously denied by the Northern
8 District of Texas. (Doc. 1 at 4-5).

9 On January 30, 2012, Defendant filed a Rule 45 Motion to Quash Subpoena to Pacific
10 Biomedical, Inc, or in the Alternative, to Transfer this Matter to the Northern District of
11 Texas (Doc. 1). Although Defendant asks this Court to resolve its procedural concerns with
12 the subpoena, both parties agree that the District Court for the Northern District of Texas is
13 the appropriate forum for adjudicating the merits of Defendant's objections. (Doc. 1 at 6);
14 (Doc. 5 at 4).

15 **II.    LEGAL STANDARD & ANALYSIS**

16     **A.   Rule 45's Procedural Requirements**

17 Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena "must issue
18 . . . for production or inspection, if separate from a subpoena commanding a person's
19 attendance, from the court for the district where the production or inspection is to be made."
20 FED.R.CIV.P. 45(a)(2)(C). Upon a party's motion to quash a subpoena issued under Rule 45,
21 "the issuing court, and not the court where the underlying action is pending, has the authority
22 to consider motions to quash or modify subpoenas." *S.E.C. v. CMKM Diamonds, Inc.*, 656
23 F.3d 829, 832 (9th Cir. 2011).

24     **1.   Standing**

25 The Court construes Plaintiffs' remark that Pacific Biomedical is not the party moving
26 to quash as a challenge to Defendant's standing. *See* (Doc. 5 at 2). "The general rule is that
27 a party has no standing to quash a subpoena served upon a third party, except as to claims
28 of privilege relating to the documents being sought." *Windsor v. Martindale*, 175 F.R.D. 665,

1  668 (D. Colo. 1997). Standing exists, however, if a party claims privilege or a privacy
2  interest in the documents being sought. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R.
3  MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008).

4  Pacific Biomedical, Inc. has not objected to the subpoena in this action. *See* (Doc. 5
5  at 2). Thus, to have standing to move to quash the subpoena, Defendant must claim a privacy
6  right or privilege in the documents requested. Defendant asserts that the documents contain
7  trade secrets in the form of confidential customer information, (Doc. 1 at 4-5), and the
8  District Court for the Northern District of Texas has issued an order limiting the disclosure
9  of that information. (Doc. 1-1 Ex. B, at 1). Accordingly, for purposes of this Order, the Court
10 assumes that the subpoena seeks confidential customer information.[1] Defendant thus has
11 standing to move to quash the subpoena.

### 2.   **Divisional Venue**

13 Defendant argues that the subpoena is defective because it fails to state the division
14 of this Court from which it issued. (Doc. 1 at 5); (Doc. 7 at 2). Although district courts may
15 consist of multiple divisions, the "issuing court" remains the district as a whole. Divisions
16 within district courts are either the creation of Congress, *see* 28 U.S.C. §§ 81-131, or
17 established by local rules. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.
18 COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d. ed. 2007). A court may, for
19 example, transfer any civil action between its divisions without the consent of the parties. 28
20 U.S.C. § 1404(a). While the parties to a case are bound by any local rules regarding
21 divisional venue, in the absence of such rules, all divisions of a district are equivalent and the
22 district is viewed a unit. *Cf. Bishop v. C & P Trucking, Inc.*, 840 F. Supp. 118, 119-20 (N.D.

---

[1] The Court does not determine whether the subpoena in fact reaches any confidential information, which would require determining whether the documents at issue are protected due to privilege, trade secret, or other theories. If Defendant is able to demonstrate that the subpoena requires disclosure of confidential information, the subpoena may be quashed. *See, e.g.*, *Plant Genetic Sys., N.V. v. Northrup King Co., Inc.*, 6 F. Supp. 2d 859, 861-62 (E.D. Mo. 1998). The Court leaves a determination of the merits of Defendant's argument for another day, presumably in the Northern District of Texas.

Ala. 1993).

Pursuant to local rules, this Court comprises three divisions: Phoenix, Prescott, and Tucson. L.R.CIV.P. 77.1(a). This Court has not established any local rules regarding divisional venue. Accordingly, the issue of division is irrelevant to subpoenas issued by this Court. Furthermore, the Court's own subpoena form, available on the website for the Administrative Office of the U.S. Courts, makes no mention of divisions. *See AO 88B, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*, http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO088B.pdf (last revised June 2009). Defendant's divisional argument is without merit.

### 3. Issuing District

Defendant additionally argues that the subpoena is improper under Rule 45(a)(2)(C) since the location of requested production is in Illinois, not Arizona. (Doc. 1 at 5-6). Rule 45(a)(2)(C) requires that a subpoena for production or inspection be issued "from the court for the district where the production or inspection is to be made." FED.R.CIV.P. 45(a)(2)(C). Courts have interpreted the word "production" as referring to the delivery of documents, not their retrieval. *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412-13 (3d Cir. 2004). *See also Deployment Med. Consultants, Inc. v. Pipes*, 2011 WL 811579, at *2 (S.D. Cal. 2011) (holding that a court in the Southern District of California properly subpoenaed a non-objecting Washington company to produce documents within that district); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19, (D.D.C. 2002) (holding that the District Court for the District of Columbia's subpoena, calling for production of documents in Maryland, was improper). A subpoena may be inspected on its face to determine if there is a procedural defect. *See McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (finding a subpoena "invalid on its face" for issuance in the wrong district).

Here, the subpoena calls for the production of documents in Chicago, Illinois, or "a place to be agreed upon by the parties." (Doc. 1-1 Ex. A, at 1). The subpoena is procedurally

- 4 -

defective because it was not issued from the district court for the federal judicial district containing Chicago, Illinois. *See Deployment Med. Consultants*, 2011 WL 811579, at *2 (holding that subpoenas were properly issued from the district where the production was to take place, regardless of whether the subpoenaed party resided within that district).

Plaintiffs argue that the language permitting an alternative location of production "agreed upon by the parties" saves the subpoena from this procedural defect. (Doc. 5 at 4). It does not. The Court has no evidence before it that the parties to the subpoena have agreed upon an alternate location where the production of documents will take place. The mere possibility that Plaintiffs and Pacific Biomedical could have agreed to a location within the District of Arizona does not make the District of Arizona a place "where the production or inspection is to be made." Under Plaintiffs' theory, every judicial district in the country would be a potential place "where the production or inspection is to be made" and the subpoena at issue could have been issued by any district court. Such a result would be contrary to the plain language of Rule 45, which specifically narrows jurisdiction to "*the* court for *the* district" where production is to be made. FED.R.CIV.P. 45(a)(2)(C) (emphasis added). The subpoena clearly calls for production in Chicago, Illinois, and therefore should have been issued by the Northern District of Illinois.

## III.  CONCLUSION

The subpoena is quashed without prejudice. Plaintiffs may correct the procedural defects and issue a subpoena in the proper district.

Accordingly,

**IT IS ORDERED** that Defendant's Rule 45 Motion to Quash Subpoena to Pacific Biomedical, Inc. or in the Alternative, to Transfer this Matter to the Northern District of Texas (Doc. 1) is granted without prejudice to Plaintiffs issuing a nondefective subpoena.

DATED this 28th day of March, 2012.

James A. Teilborg
United States District Judge