1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Orthoflex, Inc. d/b/a Integrated )    No. 12-MC-00013-PHX-JAT
     Orthopedics, Motion Medical )
10   Technologies, LLC; Wabash Medical )    **ORDER**
     Company, LLC,                     )
11                                     )
                 Plaintiffs,           )
12                                     )
     vs.                               )
13                                     )
                                       )
14   Thermotek, Inc.,                  )
                                       )
15               Defendant.            )
                                       )
16   _____ )

17

18        Pending before the Court is Defendant's Rule 45 Motion to Quash Subpoena to

19   Pacific Biomedical, Inc, or in the Alternative, to Transfer this Matter to the Northern District

     of Texas (Doc. 1). The Court now rules on the motion.

20
     **I.    BACKGROUND**
21
          Plaintiffs and Defendant are engaged in litigation in the District Court for the
22
     Northern District of Texas. (Doc. 1 at 2-3). In that court, Plaintiffs filed a motion to compel
23
     Defendant to produce certain documents. (*Id.* at 3-4). Defendant asserted that the documents
24
     sought contained trade secrets in the form of confidential customer information, (*id.* at 4-5),
25
     and, on November 15, 2011, the District Court for the Northern District of Texas issued an
26
     order limiting the disclosure of that information. (Doc. 1-1 Ex. B, at 1). On January 17, 2012,
27
     a subpoena was issued through the District of Arizona to Pacific Biomedical Inc., a
28

corporation located in Arizona. (*Id.* Ex. A at 1). The subpoena requires Pacific Biomedical "to produce and permit inspection and copying" of certain documents relevant to the Texas litigation. The subpoena required the production to take place at "Rockey & Lyons, 180 N. Stetson, Ste 3500, Chicago IL 60601 (or a place to be agreed upon by the parties)." (Doc. 1-1 Ex. A, at 1); (Doc. 1-1 Ex. A, Attach. A, at 1). Pacific Biomedical has not objected to the subpoena, (Doc. 5 at 2), but Defendant argues that Plaintiffs' subpoena is an attempt to reach the same confidential documents to which access was previously denied by the Northern District of Texas. (Doc. 1 at 4-5).

On January 30, 2012, Defendant filed a Rule 45 Motion to Quash Subpoena to Pacific Biomedical, Inc, or in the Alternative, to Transfer this Matter to the Northern District of Texas (Doc. 1). Although Defendant asks this Court to resolve its procedural concerns with the subpoena, both parties agree that the District Court for the Northern District of Texas is the appropriate forum for adjudicating the merits of Defendant's objections. (Doc. 1 at 6); (Doc. 5 at 4).

## II.   LEGAL STANDARD & ANALYSIS

### A.   Rule 45's Procedural Requirements

Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena "must issue . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." FED.R.CIV.P. 45(a)(2)(C). Upon a party's motion to quash a subpoena issued under Rule 45, "the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas." *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011).

#### 1.   Standing

The Court construes Plaintiffs' remark that Pacific Biomedical is not the party moving to quash as a challenge to Defendant's standing. *See* (Doc. 5 at 2). "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale*, 175 F.R.D. 665,

668 (D. Colo. 1997). Standing exists, however, if a party claims privilege or a privacy interest in the documents being sought. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008).

Pacific Biomedical, Inc. has not objected to the subpoena in this action. *See* (Doc. 5 at 2). Thus, to have standing to move to quash the subpoena, Defendant must claim a privacy right or privilege in the documents requested. Defendant asserts that the documents contain trade secrets in the form of confidential customer information, (Doc. 1 at 4-5), and the District Court for the Northern District of Texas has issued an order limiting the disclosure of that information. (Doc. 1-1 Ex. B, at 1). Accordingly, for purposes of this Order, the Court assumes that the subpoena seeks confidential customer information.[1] Defendant thus has standing to move to quash the subpoena.

## 2.    Divisional Venue

Defendant argues that the subpoena is defective because it fails to state the division of this Court from which it issued. (Doc. 1 at 5); (Doc. 7 at 2). Although district courts may consist of multiple divisions, the "issuing court" remains the district as a whole. Divisions within district courts are either the creation of Congress, *see* 28 U.S.C. §§ 81-131, or established by local rules. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d. ed. 2007). A court may, for example, transfer any civil action between its divisions without the consent of the parties. 28 U.S.C. § 1404(a). While the parties to a case are bound by any local rules regarding divisional venue, in the absence of such rules, all divisions of a district are equivalent and the district is viewed a unit. *Cf. Bishop v. C & P Trucking, Inc.*, 840 F. Supp. 118, 119-20 (N.D.

---

[1] The Court does not determine whether the subpoena in fact reaches any confidential information, which would require determining whether the documents at issue are protected due to privilege, trade secret, or other theories. If Defendant is able to demonstrate that the subpoena requires disclosure of confidential information, the subpoena may be quashed. *See, e.g.*, *Plant Genetic Sys., N.V. v. Northrup King Co., Inc.*, 6 F. Supp. 2d 859, 861-62 (E.D. Mo. 1998). The Court leaves a determination of the merits of Defendant's argument for another day, presumably in the Northern District of Texas.

1    Ala. 1993).

2        Pursuant to local rules, this Court comprises three divisions: Phoenix, Prescott, and

3    Tucson. L.R.CIV.P. 77.1(a). This Court has not established any local rules regarding

4    divisional venue. Accordingly, the issue of division is irrelevant to subpoenas issued by this

5    Court. Furthermore, the Court's own subpoena form, available on the website for the

6    Administrative Office of the U.S. Courts, makes no mention of divisions. *See AO 88B,*

7    *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of*

8    *P r e m i s e s    i n    a    C i v i l    A c t i o n ,*

9    http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO088B.pdf (last revised June

10   2009). Defendant's divisional argument is without merit.

11                 **3.    Issuing District**

12       Defendant additionally argues that the subpoena is improper under Rule 45(a)(2)(C)

13   since the location of requested production is in Illinois, not Arizona. (Doc. 1 at 5-6). Rule

14   45(a)(2)(C) requires that a subpoena for production or inspection be issued "from the court

15   for the district where the production or inspection is to be made." FED.R.CIV.P. 45(a)(2)(C).

16   Courts have interpreted the word "production" as referring to the delivery of documents, not

17   their retrieval. *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412-13 (3d Cir.

18   2004). *See also Deployment Med. Consultants, Inc. v. Pipes*, 2011 WL 811579, at *2 (S.D.

19   Cal. 2011) (holding that a court in the Southern District of California properly subpoenaed

20   a non-objecting Washington company to produce documents within that district); *James v.*

21   *Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19, (D.D.C. 2002) (holding that the District

22   Court for the District of Columbia's subpoena, calling for production of documents in

23   Maryland, was improper). A subpoena may be inspected on its face to determine if there is

24   a procedural defect. *See McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588

25   (W.D.N.Y. 1995) (finding  a subpoena "invalid on its face" for issuance in the wrong

26   district).

27       Here, the subpoena calls for the production of documents in Chicago, Illinois, or "a

28   place to be agreed upon by the parties." (Doc. 1-1 Ex. A, at 1). The subpoena is procedurally

1   defective because it was not issued from the district court for the federal judicial district

2   containing Chicago, Illinois. *See Deployment Med. Consultants*, 2011 WL 811579, at *2

3   (holding that subpoenas were properly issued from the district where the production was to

4   take place, regardless of whether the subpoenaed party resided within that district).

5          Plaintiffs argue that the language permitting an alternative location of production

6   "agreed upon by the parties" saves the subpoena from this procedural defect. (Doc. 5 at 4).

7   It does not. The Court has no evidence before it that the parties to the subpoena have agreed

8   upon an alternate location where the production of documents will take place. The mere

9   possibility that Plaintiffs and Pacific Biomedical could have agreed to a location within the

10  District of Arizona does not make the District of Arizona a place "where the production or

11  inspection is to be made." Under Plaintiffs' theory, every judicial district in the country

12  would be a potential place "where the production or inspection is to be made" and the

13  subpoena at issue could have been issued by any district court. Such a result would be

14  contrary to the plain language of Rule 45, which specifically narrows jurisdiction to "*the*

15  court for *the* district" where production is to be made. FED.R.CIV.P. 45(a)(2)(C) (emphasis

16  added). The subpoena clearly calls for production in Chicago, Illinois, and therefore should

17  have been issued by the Northern District of Illinois.

18  **III.   CONCLUSION**

19         The subpoena is quashed without prejudice. Plaintiffs may correct the procedural

20  defects and issue a subpoena in the proper district.

21         Accordingly,

22         **IT IS ORDERED** that Defendant's Rule 45 Motion to Quash Subpoena to Pacific

23  Biomedical, Inc. or in the Alternative, to Transfer this Matter to the Northern District of

24  Texas (Doc. 1) is granted without prejudice to Plaintiffs issuing a nondefective subpoena.

25         DATED this 28th day of March, 2012.

26

27  _____

28         James A. Teilborg
           United States District Judge