WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orthoflex, Inc. d/b/a Integrated Orthopedics, Motion Medical Technologies, LLC; Wabash Medical Company, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>Thermotek, Inc.,<br><br>    Defendant. | No. MC 12-00013-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Rule 45 Motion to Quash Subpoena to Pacific Biomedical, Inc, or in the Alternative, to Transfer this Matter to the Northern District of Texas (Doc. 10). The Court now rules on the Motion.

Plaintiffs and Defendant are engaged in litigation in the District Court for the Northern District of Texas. (Doc. 10 at 3). On April 23, 2012, Plaintiffs issued a subpoena to Defendant's distributor, Pacific Biomedical, Inc., requesting production of several categories of documents. Defendant now seeks to quash that subpoena on the grounds that (1) the subpoena asks for confidential information that is not subject to discovery in this case and (2) the subpoena circumvents an Order issued by Magistrate Judge Stickney, who is overseeing this case in the Northern District of Texas.

In response, Plaintiffs argue that the subpoena does not circumvent Magistrate Judge

1  Stickney's prior Order and that Defendants have not met their burden in establishing that the
2  information sought by the subpoena is confidential information not subject to disclosure.

3      Plaintiffs request that the Court deny the motion to quash the subpoena or,
4  alternatively, transfer the dispute regarding the subpoena to the Texas court that is presiding
5  over the litigation.  Defendant requests that this Court quash the subpoena or alternatively,
6  transfer the dispute regarding the subpoena to the Texas court that is presiding over the
7  litigation.

8      If warranted by the circumstances of a particular case, a federal court may transfer a
9  dispute concerning a subpoena to the court presiding over the litigation.  *See CMC*
10 *Interconnect Techs., Inc. v. Fairchild Semiconductor Corp.*, No. MC-09-0003-PHX-DGC,
11 2009 WL 539674, at * 2 (D. Ariz. March 4, 2009).

12     While both Plaintiffs and Defendant ask the Court only to transfer the issue to the
13 District Court in Texas in the alternative, the Court finds that the circumstances of this case
14 necessitate a transfer.  In this case, the Motion to Quash concerns a dispute between the
15 Parties to the Texas lawsuit, raises issues of discovery and confidentiality with which the
16 Texas court is already familiar, and seemingly requires the interpretation of the Texas court's
17 prior Order.  Accordingly, the Court will order that the motion to quash be transferred to the
18 Texas court for decision.  *See CMC*, 2008 WL 539674, at *2 (finding transfer of motion to
19 quash warranted because of "(1) the Maine court's familiarity with the complex underlying
20 patent litigation; (2) the potential impact of this discovery dispute on that litigation; (3) the
21 Maine court's familiarity with the specific events alleged to have produced a waiver, some
22 of which occurred before the presiding district judge; (4) the Maine magistrate judge's prior
23 ruling on a closely-related discovery issue; and (5) the fact that the Maine court has before
24 it the key parties and lawyers involved in the dispute.").

25     Based on the foregoing,

26     **IT IS ORDERED** that the Motion to Quash Subpoena (Doc. 10) is transferred to the
27 United States District Court for the Northern District of Texas for resolution.  The Parties
28 may re-urge their request for oral argument on the merits in that Court.

1 **IT IS FURTHER ORDERED** that the Clerk of the Court shall cause a copy of this Order to be filed in the United States District Court for the Northern District of Texas, Dallas Division, No. 3:11-CV-0870-D.

DATED this 5th day of September, 2012.

_____
James A. Teilborg
United States District Judge